UNITED STATES DISTRICT COURT
                         DISTRICT OF MINNESOTA
                      Criminal No. 10-137(JNE/SRN)

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
      v.                     )    **ORDER OF DETENTION**
                             )
GREGG ALAN LARSEN,           )
                             )
            Defendant.       )

This matter came before the Court on May 24, 2010, upon the motion of the United States for an Order of Detention.  Defendant was present and represented by his attorney, Joseph Tamburino.  The United States was represented by Assistant United States Attorney David Steinkamp.

The Court had before it the pretrial services report prepared by the Pretrial Services Office and proffered by the United States.  Defendant contested the Government's Motion for Detention.  The Court heard argument from counsel, as well as testimony from the defendant.  Based upon all the files and records, the Pretrial Services report and the proceedings herein, the Court finds that there has been a clear and convincing showing that no condition or combination of conditions of bond will reasonably assure the safety of the community.  Accordingly, the Government's Motion for detention is granted.

## FINDINGS OF FACT

Defendant is charged by Indictment with two counts of Production of Child Pornography (Counts 1 and 2), one count of Distribution of Child Pornography (Count 3) and one count of Possession of Child Pornography (Count 4).

According to the allegations in the Indictment, the defendant engaged in the production of child pornography, engaged in the distribution of child pornography and possessed child pornography while employed in as a teacher in St. Paul.  Also, the defendant participated in the alleged acts of production of child pornography at a time when he was a foster parent.

The defendant is a recovering alcoholic.  He began treatment for his addiction after agents executed search warrants at his home in July 2009.  He has been diagnosed with depression and is currently taking an anti-depressant medication.  He has also been diagnosed with obsessive-compulsive disorder.  He has known about these potential charges since the search warrants were executed and thereafter sought treatment.

The defendant is currently unemployed.  The defendant has few blood family ties to the community.  He has agreed to terminate his parental rights to his minor adopted son.

## DISCUSSION

Under 18 U.S.C. § 3142(e) and (f), pretrial detention may be ordered either upon a clear and convincing showing that release

will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986). Pursuant to 18 U.S.C. § 3142(e)(3)(E), given the nature of the charges in this case, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."

First, with regard to risk of flight, the Court finds that the defendant has overcome the presumption in favor of detention. The Court does not find that the defendant is a flight risk.

However, the Court does find that the defendant has failed to rebut the presumption in favor of detention as it relates to the risk to the community. Based upon the charges, since at least 2006, the defendant allegedly engaged in the *production* and *distribution* of child pornography, not just possession. During this period, the defendant was employed in a position that put him in close proximity to children.

The defendant sought treatment only after the search warrants were executed and evidence of the crime was seized. While such treatment may eventually benefit the defendant and the community the issues defendant must address are not quick fixes. The Court's decision is whether he has rebutted the presumption that Congress has deemed necessary in these cases. The Court finds that he has not. His treatment is relatively recent and law enforcement-

inspired.  The Court concludes that while some conditions could be imposed to determine defendant's location at any given time, there are no conditions of release that could truly ensure he has no contact with children or is not using an Internet capable device.

Therefore, the Court concludes that Defendant has not sufficiently rebutted the presumption in favor of detention and finds that no condition or combination of conditions will reasonably protect the safety of any other person and the community.

## CONCLUSION

In conclusion, the Court finds that the Government has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community.  Accordingly,

IT IS HEREBY ORDERED that:

1.   The motion of the United States for detention of defendant is granted;

2.   Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending trial;

3.   Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4.   Upon order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which

Defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated:  May 28, 2010             s/ *Jeanne J. Graham*
                                 The Honorable Jeanne J. Graham
                                 UNITED STATES MAGISTRATE JUDGE